People v Lall (2019 NY Slip Op 05691)





People v Lall


2019 NY Slip Op 05691


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03326

[*1]The People of the State of New York, respondent,
v
Andre Lall, appellant. (S.C.I. No. 377/13)


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Queens County (Douglas Wong, J.), imposed December 9, 2015, revoking a sentence of probation previously imposed by the same court (Dorothy Chin-Brandt, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree, on the ground that the amended sentence was excessive.
ORDERED that the amended sentence is affirmed.
The defendant's purported waiver of his right to appeal, conducted at the original plea proceeding on February 5, 2013, was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 145). The Supreme Court conflated the right to appeal with the right to be indicted by a grand jury (see generally People v Ortiz, 167 AD3d 658, 658) and failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d at 142). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Johnson, 157 AD3d 964, 965).
We decline to reduce the amended sentence in the interest of justice (see People v Young, 125 AD3d 795, 795; People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court